IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY J. THOMAS                                                          PLAINTIFF

v.                                         CIVIL NO. 08-2036

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kimberly J. Thomas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on February 22, 2005, alleging an inability to work due to chronic neck and back pain, bilateral carpal tunnel syndrome, hypertension, cardiac arrhythmia, anxiety, depression and alcohol dependence. (Tr. 20, 60). An administrative hearing was held on July 7, 2006, at which plaintiff appeared with counsel and testified. (Tr. 317-342).

By written decision dated October 10, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).

However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 23). Specifically, the ALJ determined plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally; to push/pull ten pounds frequently and twenty pounds occasionally; and to stand/walk/sit for six hours out of an eight-hour workday. The ALJ found plaintiff had no postural, manipulative or environmental limitations. From a mental standpoint, the ALJ found plaintiff only limited in her ability to perform basic work activities involving daily living, social functioning and concentration, persistence and pace. (Tr. 23). With the help of a vocational expert, the ALJ determined plaintiff could perform her past relevant work as a bartender/waitress. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional medical evidence submitted by plaintiff, denied that request on April 10, 2008. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9,10).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

**III.   Discussion:**

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater,* 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir. 1995).

The new evidence submitted to the Appeals Council reflects the following. Treatment notes from Mercy Northside Clinic dated June 29, 2006, report plaintiff came in for a follow-up

for hyperthyroidism and hypertension. (Tr. 279-281). Plaintiff reported she was doing better and had not been drinking alcohol like she was the previous month. Plaintiff was diagnosed with hypothyroidism, gastroesophageal reflux disease and hypertension.

Treatment notes from Mercy Northside Clinic dated September 13, 2006, report plaintiff has disk disease in her neck and is having increasing problems. (Tr. 276). Plaintiff requested a new MRI because she thought her problems were worsening. Ms. Stefanie Ellis, APN, noted plaintiff had quite a bit of point tenderness in her neck region with numbness and tingling in both arms. Plaintiff reported having difficulty holding onto things without dropping them. Upon examination, Ms. Ellis noted plaintiff had some limited range of motion and difficulty with extension and flexion and turning to the left side. Plaintiff was diagnosed with neck pain with decreased range of motion. Plaintiff was prescribed Flexeril for muscle spasm and Mobic for musculoskeletal pain. Plaintiff was scheduled for a MRI.

On September 21, 2006, plaintiff underwent a cervical MRI which revealed a stable small right paracentral disc protrusion at C5-6 without spinal or foraminal stenosis. (Tr. 272-273).

In the present case, the ALJ failed to discuss why he did not included the fifty-percent grip strength assessed by consultative examiner, Dr. Gordon McCraw, when he made the RFC determination. (Tr. 203). The medical evidence that was before the ALJ clearly reports plaintiff's complaints of hand numbness and that she was diagnosed with bilateral carpal tunnel syndrome. (Tr. 154, 160, 203). This additional evidence supports plaintiff's contention that she has difficulty with grip strength and holding onto objects. This decreased grip strength is troubling as the ALJ found plaintiff was able to perform her past relevant work as a bartender/waitress which requires frequent handling and reaching. *See* DICOT §§ 312.474-010,

350.677-030 *at* www.westlaw.com. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence. We further recommend the ALJ obtain a RFC assessment from an examining or consultative physician.

On remand, we strongly recommend the ALJ obtain a mental RFC assessment as it appears plaintiff does indeed have mental impairments but the record is devoid of an assessment completed by a medical professional.

The ALJ should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of June 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)